EDWARD C. WRIGHT, Respondent, *v.* THE SYRACUSE, ONTARIO AND NEW YORK RAILROAD COMPANY and THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellants.

*Real estate — effect of a grant by the State — constructive possession — purchasers of pretended titles — trustee conveying in his individual name — equitable action to restrain trespasses and for fee damages — evidence as to the value of the premises affected — relief against joint trespassers.*

Where the State of New York assumes to grant land, the effect of its conveyance is to be ascertained and declared as though the grant had been made by a private person.

The possession of land not actually occupied is constructively in the holder of the title.

The provisions of section 130 of the Penal Code, making it a misdemeanor to sell a title to land unless the grantor has been in possession or has taken the rents or profits thereof for one year before the covenant to convey was made, are intended to prevent the purchase of pretended titles, and are not applicable to a case where the grantor and those claiming under him are and have been holders of a title derived through a grant from the State.

Where a trustee, authorized by a will to convey lands, executes, in his own name, a conveyance thereof, referring to the will, it will pass all the interest in the premises theretofore held and owned by his testator.

Where a railroad is unlawfully constructed in a street, an abutting owner, whose title extends to the center of the street, may maintain an action in equity to restrain the defendant from unlawfully using the plaintiff's land and for damages sustained by such use.   In such an action the plaintiff may show the value of the premises affected by the occupation of the defendant.

Where upon the trial of an action brought against two railroad companies for damages for alleged occupation and obstruction of the street in front of plaintiff's premises, the incorporation of the defendants as alleged in the complaint and their operation of the road as therein alleged is admitted, there is no error in awarding to the plaintiff relief against both defendants.

APPEAL by the defendants, The Syracuse, Ontario and New York Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 9th day of July, 1895, upon the decision of the court rendered after a trial at the Onondaga Special Term.

This action was brought by an abutting property owner on Canal street in the city of Syracuse to recover damages for an alleged occupation and obstruction of the street in front of his premises, and to obtain a judgment directing the removal of the tracks operated by the defendants in such portion of said street. The judgment awarded six cents damages and fifty dollars for permanent fee damages to plaintiff for the occupation of the street in front of plaintiff's premises, and enjoined the defendants from the use of said street, and directed the removal of the defendants' track therefrom within sixty days, unless within the said period they should pay to the plaintiff or to his attorney the sum of fifty dollars, the sum adjudged to be the permanent fee damages to the plaintiff for the land in the street taken by the defendants.

The action was begun on or about July 3, 1890, and was equitable in its nature.   The plaintiff claimed under a patent from the State of New York to one Sackett, dated May 11, 1832.   It appeared upon the trial that there was no actual occupation of the premises from 1843 to 1889, at which time the plaintiff purchased the property from one George A. Newell.   It further appeared that George A. Newell, as trustee of Joseph Newell, deceased, conveyed the premises in question to the plaintiff by a deed which contained, among other things, the following provisions :

"This Indenture, made this 5th day of December, in the year of our Lord one thousand eight hundred and eighty-nine,

"Between George A. Newell, executor and trustee of the estate of Joseph Newell, late of the county of Hillsborough, N. H., deceased, and —— Newell, his wife, both of Boston, Mass., of the first part, and Edward C. Wright of Syracuse, N. Y., of the second part  *  *  *

"The said premises having been so conveyed to Joseph Newell, and he having died leaving a will in which party of the first part is named executor and trustee with power to convey."

The deed was signed "George A. Newell [L. s.], Elisa M. Newell [L. s.]," and acknowledged by them individually.

*Ashbel Green* and *Waters, McLennan & Waters*, for the appellants.

*E. C. Wright*, respondent, in person.

HARDIN, P. J.:

It was found by the trial court that plaintiff owns "the land in what is now known as Canal street, between the center line thereof, and the south line thereof." Upon studying the maps used at the trial and the evidence produced during the progress of the trial, we are of the opinion that the finding of fact is supported by the evidence. (*Matter of Ladue*, 118 N. Y. 213; 2 Am. & Eng. Ency. of Law, 507, subd. 6; *Syracuse Solar Salt Co.* v. *R., W. & O. R. R. Co.*, 67 Hun, 153.)

The court properly found as matter of fact that the plaintiff "At the time of the commencement and of the trial of this action was, and for a long time had been, the owner in fee and entitled to the possession of the parcel of land" particularly described in the findings of fact, being the same lands described in the plaintiff's complaint. When the State assumed to grant the lands in question it acted as proprietor of the land, and the effect of its conveyance is to be ascertained and declared as though the grant had been made by a private individual. (*City of Oswego* v. *The Oswego Canal Company*, 6 N. Y. 257, 265; *Smith* v. *City of Rochester*, 92 id. 463, 473.)

It was competent for the plaintiff to become a purchaser of the lands and take a deed thereof from George A. Newell at the time he received the conveyance, and in doing so we are of the opinion that

he did not violate the provisions of section 130 of the Penal Code, making it a misdemeanor to sell a title unless the grantor has been in possession, or has taken the rents and profits thereof for one year before the covenant to convey was made. That statute evidently was intended to prevent the purchase of pretended titles. Joseph Newell, deceased, had title to the premises described in his deed, and he died leaving a will creating a trust and authorized his son, George, to execute the trust, and to convey at public or private sale any lands owned by him. In making such conveyance we are of the opinion that George A. Newell did not violate the statute to which reference has been made. The possession of the lands constructively was in Joseph Newell at the time of his death, and subsequently in his trustee. (*Bliss* v. *Johnson*, 94 N. Y. 235.)

We think the conveyance executed by George A. Newell, by virtue of the power given to him in the will of Joseph Newell, was sufficient to pass to the plaintiff all the right, title and interest in the premises theretofore held and owned by Joseph Newell.

Appellants call our attention to the case of *Townsend* v. *Corning* (23 Wend. 435). In looking into that case we find that the facts are quite unlike those found in the case before us, and that the case does not sustain the contention of the appellants. We think it quite obvious that the testator intended to give George A. Newell power to convey any real estate left by the deceased, and his power to convey is derived from the will, and the conveyance refers to the will as the source of the power for its execution. (*Bradstreet* v. *Clarke*, 12 Wend. 603; 1 R. S. 737, § 124.)

In *Myers* v. *Mutual Life Insurance Co. of New York* (32 Hun, 321; S. C. affd., 99 N. Y. 1) it was held that where the power of attorney described the party " as executrix and sole legatee under the will of M.," and the executrix signed it simply in her own name, " the description was sufficient to show that it was executed by her as executrix and the failure to add her official character to the signature did not impair its effect." We think the instrument executed by George A. Newell was sufficient to carry to the plaintiff all the right, title and interest in the premises theretofore held by the testator, Joseph Newell.

We are of the opinion that the defendants have failed to show a right to maintain the tracks, switches and obstructions upon the

plaintiff's land, and that the plaintiff as an adjacent owner is entitled to maintain this action according to the doctrine laid down by us in *Syracuse Solar Salt Co.* v. *R.*, *W. & O. R. R. Co.* (67 Hun, 161). In the opinion there delivered it was said : " Where a railroad is unlawfully constructed in a street, the adjacent owner, whose title extends to the center, it would seem, has three remedies : (1) He may bring successive suits to recover his damages ; (2) he may bring an action in equity to restrain the operation of the road, or (3) when the highway has been exclusively appropriated, he may maintain ejectment. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98.) That in cases like this, a suit in equity may be maintained to restrain the defendant from unlawfully using the plaintiff's land, and for damages sustained by such use, is well established by the authorities in this State." Upon the evidence before the court the damages were assessed at six cents and the value of the property at fifty dollars. We think the assessments are moderate and ought not to be disturbed on account of the amount thereof.

We think no prejudicial error was committed in receiving evidence as to the value of the premises affected by the occupation of the defendants. The case before us differs widely from *Roberts* v. *N. Y. E. R. R. Co.* (128 N. Y. 455), as in that case a question was held to be improper which called for an opinion of an expert " As to what would have been the value of plaintiff's property had defendants' road not been built and operated."

During the progress of the trial an admission was made in the following language : " The defendant admits for the purposes of this trial, the incorporation of defendants as alleged in the complaint, and the operation of the roads, tracks and sidings as alleged in the complaint." Under that admission and the evidence which was received relating to the several acts of the defendants in the premises, we are of the opinion that there was no error in awarding relief against both defendants.

Our attention is called to *Prouty* v. *L. S. & M. S. R. R. Co.* (52 N. Y. 363). That was an action brought to recover a balance of certain dividends on certain guaranteed ten per cent stock, and is quite different from the case now before us.

Plaintiff was very moderate in his demand for damages " on the argument, having waived all claim for actual past damages."

The award was made of six cents only, and the court finds that on the argument at the Trial Term the plaintiff limited his "request for future damages to $50," and, therefore, only that sum was found in favor of the plaintiff against the defendants. By the second conclusion of law the defendants are given the option to pay the fifty dollars "in full for the value of so much of the plaintiff's interest in his land aforesaid in said street as is necessary to maintain the tracks and structures they are using therein, and to store, use and operate engines and cars in the same manner as heretofore has been done." In the event that the option is availed of, the plaintiff is required to execute, acknowledge and deliver a deed at his own expense to the defendants, or such parties as they may desire, releasing his interest in the land in the street. The judgment seems to be in accordance with the justice of the case as revealed by the evidence.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.