the building in question, and with the defendant, are not well taken. These accounts contained in detail the items of materials and labor which the plaintiff furnished upon his contract, and also various cash items connected with the performance of the contract. These items were verified by the testimony of the plaintiff and his assistant. They were not admitted because the book contained them, but because shown by competent testimony to be true. The record shows that the referee carefully and properly examined them, and rejected such items as were not properly chargeable to the defendant, except the items amounting to $309.10, which we conclude to reject.

We think the judgment should be modified by deducting $309.10 and the interest thereon, and, as so modified, be affirmed, with costs. All concur.

---

CHENEY et al. v. NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

HIGHWAYS—TITLE TO FEE—GRANT BY STATE.

> A grant by the state of land bordering on a highway presumptively conveys title to the center of the highway.

Appeal from special term, Onondaga county.

Action by Stephen Cheney and others against the New York Central & Hudson River Railroad Company and another to restrain defendants from operating their railroad on Canal street, in the city of Syracuse, in front of premises owned by plaintiffs, and to compel the removal of rails therefrom, and to recover damages for past trespasses. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

The opinion of Mr. Justice VANN, at special term, is as follows:

The principle upon which the court has based its judgment in this case is the same as was laid down in Mayock v. Rome, W. & O. R. Co.,[1] decided in March, 1893, and the features common to the two cases will not be reconsidered. The letters patent dated May 11, 1832, when considered in connection with the map to which they refer, which has been sufficiently identified, establish a conveyance by the people to a remote grantor of the plaintiffs of a lot of land, in effect described as abutting upon a street, without any reservation or declaration of intention not to convey to the center of the street. As between individuals, such a conveyance is presumed to carry the title to the center of the street, subject to the right of way belonging to the general public. Bissell v. Railroad Co., 23 N. Y. 61; In re Ladue, 118 N. Y. 213, 23 N. E. 465. The same presumption extends to a grant from the state, and for the same reason, namely, "because a narrow strip, such as half a street, is much more valuable to the grantee than to the grantor, and the parties are supposed to have so dealt with the property as to bring out its greatest value." In re Ladue, 118 N. Y. 219, 23 N. E. 467. If the title to public highways was in the state, in its corporate capacity, the presumption might be otherwise, but the state does not own an ordinary highway. State ownership would carry with it the burden of expense for care, construction, and repairs that rests upon subordinate political divisions of the state, such as towns, cities, and villages. When a highway, no matter how ancient, is abandoned, notice need not be given to the state; and it is safe to say that

---

[1] Not reported.

the state has never asserted title to any part of an abandoned highway. If the street in question should be abandoned, the land would not revert to the state, but to the adjoining proprietors. The right of way over land constituting a street belongs to the people at large in their unorganized capacity, but the control of the same is vested by law in certain political agencies, such as those above named, and they are held responsible for the manner in which they discharge their duties. In no sense, however, does the state own the streets of a city, and hence the distinction relied upon by the defendant between public and private grants does not apply to this case. The plaintiffs, in my opinion, own to the center of the street, and are entitled to damages.

The statute of limitations, pleaded by the defendants, who rely upon the 6, 10, and 20 years' provisions, respectively, applies only as to a continuous trespass. As was said in a late case: "No lapse of time or inaction merely on the part of an owner after the erection and during the maintenance of the unlawful structure, unless it has continued for such a period of time as will effect a change of title in the property, or authorize the presumption of a grant, is sufficient to defeat the right of the owner to his action at law or equity." Galfay v. Railroad Co., 128 N. Y. 132, 28 N. E. 481.

The conveyance to the plaintiffs was not champertous (American Bank-Note Co. v. New York El. R. Co., 129 N. Y. 252, 29 N. E. 302); and, although they purchased a number of years after the railroad was constructed in Canal street, still they are entitled to all damage on account of the maintenance and operation of the railroad that has accrued since their purchase, not exceeding six years before the commencement of the action (Sterry v. Railroad Co., 129 N. Y. 619, 29 N. E. 68).

The remaining question, relating to the damages, is not without embarrassment, owing to the somewhat indefinite nature of the evidence upon the subject. The nearest approximation to justice that I can make is to place the past damages at $432.95, and the future damages at $750, the benefits having been duly considered when and as permitted by the adjudged cases. Newman's Case, 118 N. Y. 618, 23 N. E. 901; Sutro's Case, 137 N. Y. 592, 33 N. E. 334. The plaintiffs, therefore, are entitled to judgment for said sum of $432.95, with costs; the same to be collected in the usual way. They are also entitled to judgment restraining the defendants from operating their railroad on the land of the plaintiffs in Canal street, and commanding them to remove their tracks therefrom within 60 days after the entry and notice of judgment herein, unless within said period they shall pay to the plaintiffs the further sum of $750, in full for the value of so much of plaintiffs' interest in said street as is necessary to maintain the tracks and structures now existing therein, and to store, use, and operate engines and cars thereon in the same manner as heretofore has been done. If such payment is made as is last above provided, the plaintiffs shall thereupon, at the request of the defendants, and at their expense, execute, acknowledge, and deliver to the defendants, or such one or more of them as their attorneys shall elect, a deed releasing their interest in the street accordingly. If either of the plaintiffs has a living wife, and she refuses to unite with him in the release, one-third of his interest in said sum of $750 is to be paid into court, to await its further order.

Findings and a decree may be prepared accordingly and settled, if not agreed upon as to form, on a notice of two days.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Louis L. Waters, for appellants.
E. C. Wright, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of VANN, J., delivered at special term, and upon Wright v. Railroad Co., 92 Hun, 32, 36 N. Y. Supp. 901.